## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

| | |
|---|---|
| MICRO FOCUS (U.S.), INC.<br>700 King Farm Blvd.<br>Rockville, Maryland  20850,<br><br>and<br><br>MICRO FOCUS IP DEVELOPMENT LIMITED<br>The Lawn, 22-30 Old Bath Road<br>Newbury, Berkshire, RG14 IQN<br>United Kingdom,<br><br>       Plaintiffs<br><br>       v.<br><br>EXPEDITORS INTERNATIONAL OF<br>WASHINGTON, INC.<br>19119-16th South<br>Seattle, Washington  98188,<br><br>       SERVE ON:<br><br>The Corporation Trust Incorporated<br>351 West Camden Street<br>Baltimore, Maryland  21201,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Micro Focus (U.S.), Inc. and Micro Focus IP Development Limited (jointly, "Micro Focus"), by their undersigned attorneys, sue Expeditors International of Washington, Inc. ("Expeditors"), for compensatory damages in an amount to be established at trial and currently estimated to exceed Seven Million Dollars ($7,000,000.00), statutory damages, and other relief. In support of its claims, Micro Focus states:

## THE PARTIES

1.      Plaintiff Micro Focus (U.S.), Inc. is a Delaware corporation with its principal place of business in Rockville, Maryland.  Micro Focus (U.S.), Inc. licenses and supports business enterprise computer software, and is a United States subsidiary of Micro Focus International plc, a public company based in the United Kingdom.

2.      Plaintiff Micro Focus IP Development Limited is incorporated under the laws of the United Kingdom with its principal place of business in the United Kingdom.  Micro Focus IP Development Limited owns various intellectual property rights, including the copyrights at issue in this action, and is also a subsidiary of Micro Focus International plc.

3.      Defendant Expeditors is incorporated in the State of Washington.  Expeditors provides logistics, shipping, and supply chain management services throughout the United States (including in Maryland) and internationally.  For example, Expeditors orchestrates for its clients shipments of goods by a combination of air, sea, and land carriers to deliver products in a timely and cost-effective manner.

## JURISDICTION AND VENUE

4.      Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1338, and 1367 because the claims in this action arise under the copyright laws of the United States or are so related to those federal questions that they form part of the same case or controversy under Article III of the United States Constitution.

5.      This Court has personal jurisdiction over Expeditors because it has purposefully availed itself of the benefits of doing business in Maryland by providing services in this

jurisdiction, and because it has continuous and systematic general business contacts with Maryland, where it is registered to do business and maintains an office in Glen Burnie.

6.      Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400 because Expeditors resides or may be found in this district and is subject to personal jurisdiction here.

### NATURE OF THE ACTION

7.      This action arises from Expeditors' breaches of the license agreements that govern its use of Micro Focus's owned and copyrighted software products known as Server Express version 2.0.11 SP1 and Server Express version 2.2.00 SP1.

8.      Expeditors' failure to comply with the terms of the license agreements pertaining to Server Express software constitutes a breach of those contracts.  Expeditors' misuse of Server Express software also constitutes infringement of Micro Focus's registered copyrights relating to that software.  As a consequence of Expeditors' breaches and infringements, Micro Focus is entitled to damages and to terminate the licenses immediately.

### FACTS COMMON TO ALL COUNTS

**A.      The Micro Focus Software**

**(i)      *The Server Express "Development License"***

9.      Server Express is an original and proprietary software product belonging to Micro Focus IP Development Limited.  Two versions of Server Express are relevant to this action – versions 2.0.11 SP1 and 2.2.00 SP1.  Both versions are subject to valid, registered copyrights under Title 17 of the United States Code.

10.     Micro Focus (U.S.), Inc. is authorized to license Server Express in the United States on behalf of Micro Focus IP Development Limited.

11.     Server Express consists of a collection of tools for editing, compiling, and debugging software applications written in COBOL, one of the oldest programming languages still prevalent in today's computing systems, for use in conjunction with more modern software. Licenses to use software such as Server Express to create or revise other programs are sometimes referred to as "development licenses."

### (ii)     *The Server Express "Application Server" or "Deployment License"*

12.     After a software application has been edited, compiled, and debugged in Server Express pursuant to a development license, the licensee is required to purchase a separate "deployment license" to use the new or revised program in a production environment, meaning for the purpose for which the computer application was developed.  Such licenses may be referred to interchangeably as an "application server" or a "deployment license."

### B.     Expeditors' Licenses to Server Express

13.     Expeditors uses its proprietary Worldwide Import and Export computer application in its day-to-day business to support its tracking and logistics operations.  Expeditors uses Server Express, and previously used another Micro Focus product known as Net Express (which is not at issue in this dispute) to develop and deploy the Worldwide Import and Export application.

### (i)     *The April 29, 2002 Order*

14.     On April 29, 2002, Expeditors purchased from Micro Focus: (a) five development licenses for a bundled product that combined Net Express and Server Express (version 2.0.11 SP1); (b) 225 "10-packs" of Server Express deployment licenses (version 2.0.11 SP1); and (c) 25 development licenses for Net Express.

15.     Expeditors' agreement to purchase licenses for Server Express is memorialized in

an April 29, 2002 Order Letter that states:

> The standard terms and conditions of the End User License
> Agreement for Micro Focus Cobol Products for Unix (the
> "EULA") apply, provided that Micro Focus and the Customer
> acknowledge and agree that the following provisions will serve as
> amendments to the EULA and will prevail over any conflicting
> terms set forth in the EULA or a Micro Focus Proposal or Order
> Letter.

*See* Exhibit A (a true and accurate copy of the End User License Agreement for Micro Focus

Cobol Products for Unix LIC UNIX MF001 (the "2.0.11 SP1 EULA") and the associated Order

Letter).

16.     The April 29, 2002 Order Letter goes on to state that Expeditors will license 225

10-packs of Server Express deployment licenses.  Each 10-pack permitted Expeditors to deploy

Server Express software on a single server that could be accessed by no more than 10 concurrent

sessions, for a maximum total of 2,250 concurrent sessions across all servers.  *See* Exhibit A.

17.     This arrangement permitted Expeditors substantial flexibility beyond that of a

typical licensee of the Server Express software in its use of Server Express, because Expeditors

could decide how many 10-packs to install on each of its servers (depending on the volume of

sessions needed in its various facilities) and those licenses could be used by any number of users,

provided that Expeditors did not install more than 225 10-packs and the concurrent sessions did

not exceed 10 on any particular 10-pack or 2,250 in the aggregate.

18.     For example, Expeditors could install numerous 10-packs on a single server to

support heavy use of Server Express on that server; conversely, Expeditors could distribute its

225 10-packs across as many as 225 servers, with each server supporting no more than 10

concurrent sessions.  Under no circumstance, however, was Expeditors authorized to run more than 10 concurrent sessions per 10-pack.

19.     In the Order Letter, Micro Focus and Expeditors further agreed that, for a period of 24 months, Expeditors would be entitled to purchase additional 10-packs at a price similar to that allowed for its original purchase, which reflected a 40% volume discount.  The parties thereby contemplated that Expeditors could cure any shortfall if it discovered that 225 10-packs did not meet its current and/or growing needs.

**(ii)     _The Updates and Supplemental Micro Focus Software_**

20.     Micro Focus subsequently provided Expeditors with several updates to the licensed software and, in August 2005, Expeditors purchased five additional development licenses for Server Express.

21.     Accordingly, as of the present time, Expeditors has purchased a total of 10 Server Express development licenses.  Expeditors has received from Micro Focus updates to Server Express through to version 5.0, but Expeditors claims that it runs only version 2.2 of that software.  Micro Focus's records reflect more precisely that Expeditors received version 2.2.00 SP1, under several serial numbers.

22.     After updating to Sever Express version 2.2.00 SP1, Expeditors' use was governed by the Micro Focus End User License Agreement LIC-GEN-MF001 for serial number 600000000254 and by the Micro Focus End User License Agreement LIC-GEN-MF005 for serial numbers 600000072361, 600000072362, 600000072363, 600000072364 and 600000072365 (collectively, the "2.2.00 SP1 EULAs").  _See_ Exhibit B (true and accurate copies of the MF001 and MF005 2.2.00 SP1 EULAs).  Expeditors agreed to the terms of these EULAs when it installed the updated Server Express software.

(iii)    *The Named User and Concurrent Use Sessions Licenses*

23.    Each of Expeditors' 10 Server Express development licenses may be used only by a single, named user. Such licenses are sometimes referred to as "named user" licenses. *See id.* at section 1.1.

24.    By contrast, because Expeditors' deployment licenses for Server Express are licensed in 10-packs, Expeditors is permitted to run up to 2,250 sessions (the number for which Expeditors paid fees) at any particular time, irrespective of the number of Expeditors employees who access the servers that run the 10-packs. *See* Exhibit A, Order Letter; Exhibit B, Section 1.2. Such licenses are sometimes referred to as "concurrent use" licenses.

**B.    Expeditors Has Exceeded Its Licenses to Server Express**

25.    In early 2011, Micro Focus learned, in the course of its ordinary license compliance efforts, that Expeditors' uses of its development and deployment licenses to Server Express exceed the uses authorized by the applicable EULAs.

26.    Specifically, Micro Focus learned that Expeditors employs approximately 26 persons who share Expeditors' 10 development licenses for Server Express. Such use would be permissible if Expeditors' development licenses allowed concurrent use. However, the 2.2.00 SP1 EULAs make clear that Expeditors' development license is granted on a named user basis. *See* Exhibit B, Section 1.1.

27.    Accordingly, Expeditors is and, since no later than 2003, has been under-licensed in its development licenses by approximately 16 licenses.

28.    Even worse, Expeditors has also substantially exceeded its concurrent-session deployment licenses for Server Express. In particular, on some of its servers, Expeditors permits substantially more concurrent use than is authorized by the license.

29.     Expeditors has admitted, for example, that it runs Server Express Application Server on 200 servers world-wide, and that the number of concurrent sessions on each of those servers ranges from 1 to 491.  Thus, even if Expeditors' high-volume use was concentrated on a single high-volume server, and one copy of the Application Server was installed on the remaining 199 servers, if the remaining 26 copies of Server Express Application Server were installed on the single high-volume server, the resulting 260 concurrent sessions permitted on that high-volume server would be insufficient to cover Expeditors' admitted use.

30.     Upon information and belief, therefore, Expeditors is under-licensed on a very large number of its 200 servers.

31.     Expeditors committed and continues to commit these violations of Micro Focus's contractual and intellectual property rights willfully, with full knowledge of Micro Focus's contractual rights and copyright.

**C.     Micro Focus Has Incurred Substantial Damages**

32.     Expeditors has not disclosed to Micro Focus all relevant information concerning Expeditors' use of Server Express.  Because Micro Focus's pricing models are based, in part, on its clients' use of the software, Micro Focus cannot determine with precision at this time the extent to which Expeditors is under-licensed or the amount of Micro Focus's damages.

33.     Based on the information available to Micro Focus, however, even if it were to extend the same 40% discount that it applied to Expeditors' April 29, 2002 Order Letter, Micro Focus's actual damages would be in excess of $7,003,296.00, based on its minimum deployment license fees of 4 cores per server, development fees, and applicable first year maintenance fees. Micro Focus, however, has no obligation to extend any discount whatsoever to Expeditors, as Expeditors has willfully breached the EULAs and infringed upon Micro Focus's copyrights.

Based on available information, Micro Focus is, therefore entitled to recover from Expeditors an amount in excess of $7,003,296.00 to be proven at trial.

<u>COUNT I</u>
**(Breach of Contract – Development License)**

34.     Micro Focus incorporates the allegations of the preceding paragraphs herein by reference.

35.     Expeditors has breached and continues to breach its obligations under the parties' agreements by permitting more than 10 developers to use the 10 named-user Server Express development licenses that Expeditors licensed from Micro Focus.

36.     As a direct result of Expeditors' material breaches of Micro Focus contractual rights, Micro Focus has suffered and continues to suffer monetary damages, including the loss of license fees to which it is entitled in connection with Expeditors' use of Server Express for development.

WHEREFORE, Micro Focus requests that this Honorable Court:

(A)     award compensatory damages against Defendant Expeditors in an amount to be established at trial and currently estimated to exceed Forty-Three Thousand Two Hundred Ninety-Six Dollars ($43,296.00) based upon Micro Focus's development license fees and applicable maintenance fees;

(B)     award Micro Focus pre-judgment interest and the costs, expenses, and reasonable attorneys' fees that it incurs prosecuting this Complaint; and

(C)     grant Micro Focus such other and further relief as may appear just and proper.

## COUNT II
### (Breach of Contract – Deployment License)

37.     Micro Focus incorporates the allegations of the preceding paragraphs herein by reference.

38.     Expeditors materially breached its obligations under the parties' agreements by making some or all of the 225 Server Express application server licenses accessible by more than the number of concurrent sessions for which Expeditors paid license fees.

39.     As a direct result of Expeditors' contractual breaches, Micro Focus has suffered and continues to suffer monetary damages, including the loss of license fees to which it is entitled in connection with Expeditors' deployment of Server Express.

WHEREFORE, Micro Focus requests that this Honorable Court:

(A)     award compensatory damages against Defendant Expeditors in an amount to be established at trial and currently estimated to exceed Six Million Nine Hundred Sixty Thousand Dollars ($6,960,000.00) based upon Micro Focus's minimum deployment license fees and applicable maintenance fees;

(B)     award Micro Focus pre-judgment interest and the costs, expenses, and reasonable attorneys' fees that it incurs prosecuting this Complaint; and

(C)     grant Micro Focus such other and further relief as may appear just and proper.

## COUNT III
### (Copyright Infringement of Server Express Version 2.0.11 SP1)

40.     Micro Focus incorporates the allegations of the preceding paragraphs herein by reference.

41.     Server Express version 2.0.11 SP1 is an original, copyrightable work. Micro Focus has complied with applicable copyright law, filed a copyright registration with the

Copyright Office, and secured exclusive rights in that work.  Micro Focus has received

Registration No. TX 5-499-655, a true and accurate copy of which is attached hereto as

Exhibit C.  Micro Focus owns the rights, title, and interest in Server Express version 2.0.11

SP1.

42.     Expeditors has infringed, and continues to infringe, Micro Focus's registered

copyright of Server Express version 2.0.11 SP1 in violation of 17 U.S.C. § 501 by permitting

more than 10 distinct persons to use the 10 development licenses, and by making some or all

of  the 225 Server Express application server licenses accessible by more than the number of

concurrent sessions for which Expeditors paid license fees.

43.     That use constitutes copying of Micro Focus's registered copyrighted material,

in violation of the exclusive rights conferred on Micro Focus under 17 U.S.C. § 106.

44.     Expeditors' infringements were and are willful, in bad faith, and done with full

knowledge of and disregard for Micro Focus's copyright.

45.     As a direct result of such copyright infringement, Micro Focus has suffered,

and will continue to suffer, monetary damages.  Micro Focus is entitled to recover its actual

damages and Expeditors' additional profits or the highest statutory damages that may be

awarded against Expeditors.

WHEREFORE, Micro Focus requests that this Honorable Court:

(A)     award Micro Focus, at Micro Focus's election, either actual damages

and additional profits pursuant to 17 U.S.C. § 504(a) and (b), or statutory damages pursuant

to 17 U.S.C. § 504(c);

(B)     award Micro Focus pre-judgment interest and the costs, expenses, and

reasonable attorneys' fees that it incurs prosecuting this Complaint; and

(C)     grant Micro Focus such other and further relief as may appear just and proper.

**Count IV**
**(Copyright Infringement of Server Express Version 2.2.00 SP1)**

46.     Micro Focus incorporates the allegations of the preceding paragraphs herein by reference.

47.     Server Express version 2.2.00 SP1 is an original, copyrightable work.  Micro Focus has complied with applicable copyright law, filed a copyright registration with the Copyright Office, and secured exclusive rights in that work.  Micro Focus has received Registration No. TX 7-300-952, a true and accurate copy of which is attached hereto as Exhibit D.  Micro Focus owns the rights, title, and interest in Server Express version 2.2.00 SP1.

48.     Expeditors has infringed, and continues to infringe, Micro Focus's registered copyright of Server Express version 2.2.00 SP1 in violation of 17 U.S.C. § 501 by permitting more than 10 distinct persons to use the 10 development licenses, and by making some or all of the 225 Server Express application server licenses accessible by more than the number of concurrent sessions for which Expeditors paid license fees.

49.     That use constitutes copying of Micro Focus's registered copyrighted material, in violation of the exclusive rights conferred on Micro Focus under 17 U.S.C. § 106.

50.     Expeditors' infringements were and are willful, in bad faith, and done with full knowledge of and disregard for Micro Focus's copyright.

51.     As a direct result of such copyright infringement, Micro Focus has suffered, and will continue to suffer, monetary damages.

52.     Micro Focus is entitled to recover its actual damages and Expeditors' additional profits or the highest statutory damages that may be awarded against Expeditors.

WHEREFORE, Micro Focus requests that this Honorable Court:

(A)     award Micro Focus, at Micro Focus's election, either actual damages and additional profits pursuant to 17 U.S.C. § 504(a) and (b), or statutory damages pursuant to 17 U.S.C. § 504(c);

(B)     award Micro Focus pre-judgment interest and the costs, expenses, and reasonable attorneys' fees that it incurs prosecuting this Complaint; and

(C)     grant Micro Focus such other and further relief as may appear just and proper.

## COUNT V
### (Declaratory Judgment)

53.     Micro Focus incorporates the allegations of the preceding paragraphs herein by reference.

54.     Micro Focus has asserted to Defendant Expeditors that, because its usage exceeds the licenses granted, Micro Focus is entitled to exercise its above-referenced common law and statutory rights, and Defendant Expeditors will be liable for the amount of such license and maintenance fees as Expeditors may be required to purchase based on its use and infringement of Micro Focus's owned and copyrighted software.

55.     Micro Focus has further asserted to Expeditors that Micro Focus is entitled to terminate Expeditors license immediately because of its breaches of the pertinent EULAs.

56.     Defendant Expeditors has disputed Micro Focus's assertions concerning its rights.

57.    A declaration of the parties' actual rights and obligations will serve to end the controversy created by Defendant Expeditors' wrongful conduct.

WHEREFORE, Micro Focus requests that this Honorable Court:

(A)    declare that Expeditors' usage has exceeded the licenses granted pursuant to the EULA;

(B)    declare that Expeditors is liable to Micro Focus for the value of such license and maintenance fees as Expeditors may be required to purchase based on its use and infringement of Micro Focus's owned and copyrighted software;

(C)    declare that Expeditors has infringed and continues to infringe Micro Focus's copyright to Server Express version 2.0.11 SP1;

(D)    declare that Expeditors has infringed and continues to infringe Micro Focus's copyright to Server Express version 2.2.00 SP1;

(E)    declare that Micro Focus is entitled to terminate Expeditors license immediately because of its breaches of the pertinent EULAs;

(F)    award Micro Focus interest and the costs, expenses, and reasonable attorneys' fees that it incurs prosecuting this Complaint; and

(G)    grant Micro Focus such other and further relief as may appear just and proper.

Respectfully submitted,

_____/S/_____

Geoffrey H. Genth, Bar No. 08735
Stuart M.G. Seraina, Bar No. 25971
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202
(410) 752-6030 - Telephone
(410) 539-1269 - Facsimile

Attorneys for Plaintiff, Micro Focus (US), Inc.
and Micro Focus IP Development Limited

Dated: September 12, 2011.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs Micro Focus

(U.S.), Inc. and Micro Focus IP Limited, hereby demand a trial by jury of all issues triable of

right by a jury.

_____/S/_____

Geoffrey H. Genth, Bar No. 08735
Stuart M.G. Seraina, Bar No. 25971
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202
(410) 752-6030 - Telephone
(410) 539-1269 - Facsimile

Attorneys for Plaintiff, Micro Focus (US), Inc.
and Micro Focus IP Development Limited